to the effect: "Inclosed my check for $30, being the dues, and, as I have no use or benefit from your club, I resign;" that he addressed the letter, and mailed it in the nearest box, as was his habit to mail the letters of the establishment. That any such letter was received by or at the club was denied by the treasurer and by the bookkeeper, whose duty it was to open all the mail to the club or its officers. The bookkeeper further testified that all of the club letters were filed, and that he had searched diligently for, and had not found, the alleged letter of the defendant. Upon this question of fact, also, sufficient evidence was before the trial justice to warrant his determination, which was adverse to the defendant. Judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

SCOTT v. RUES.

(Supreme Court, Appellate Term. March 24, 1899.)

COMPETENCY OF JUROR.
　　That a juror has had business relations with the counsel of one of the parties does not render him incompetent.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Margaret J. Scott against Jean B. Rues, to dispossess him for nonpayment of rent. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Elias Rosenthal, for appellant.
Jeroloman & Arrowsmith, for respondent.

MacLEAN, J. In the petition it was alleged that the appellant entered into an agreement in writing by which he hired the premises No. 434 Eighth avenue, in the city of New York, for the term of one year from the 1st day of May, 1898, at a rental of $1,000 per annum, payable monthly in advance, in equal monthly installments, on the 1st day of every month; that the rent for the 1st of June was due and unpaid; and that the tenant was in possession. In his answer the appellant set up three defenses: (1) A general denial of every allegation in the petition; (2) an allegation that prior to the commencement of the proceeding he had paid the rent for the month of June in full; and (3) that he had entered into an agreement with the landlord in terms set out in the answer, and which were practically the same as in the petition, excepting as to the payments in advance, and that the landlord did not vacate the premises, but occupied them for the month of May, thus excluding the tenant (appellant) from his occupancy. On the trial the appellant admitted that he had not paid the rent for the month of June, and that he had received the keys from the former tenant before the 1st of May. He offered some testimony as to interference with the premises by the landlord in the making of some repairs, and thereupon all the issues were submitted to, and passed upon by, a jury, under a charge most ·

favorable to the appellant. Much stress was laid by counsel for the appellant, in the argument on this appeal, upon the ruling of the justice below respecting the jury. When the jurors had taken their seats, they were asked whether any of them had any business relations with the landlord's counsel, and three of them answered in the affirmative. Then the tenant's counsel stated that he challenged three of the jurors upon the ground that they stated they were clients of his opponent. Upon being informed by the court that he was entitled to challenge for cause, he merely repeated his statement; and then his challenge was overruled, and he took an exception. The ruling of the justice was correct, for the counsel of the tenant had not made out a tenable cause of challenge.

The judgment should be affirmed, with costs. Judgment affirmed, with costs. All concur.